Lester Holtzmah, J.
In 1966 the Joint Legislative Committee on Matrimonial and Family Laws proposed certain changes in *763 the Domestic Relations Law. Among these it was proposed that an action for divorce may be maintained upon: “ (3) The sentencing of the defendant to imprisonment for a minimum period of five or more years, after the marriage of plaintiff and defendant except that no divorce shall be granted on this ground unless the defendant has been imprisoned for a period of two or more years pursuant to such sentencing. ’ ’ (N. Y. Legis. Doc., 1966, No. 8, p. 85.)
The memorandum in support of this change (supra, p. 88) noted that 46 other States had recognized the fact that conviction of a crime may furnish justifiable reasons for dissolution of marriage. There were two considerations in the statutes of sister States: The first, that the incarceration of the wrongdoer requires the innocent spouse to suffer the restrictions of marriage with none of its emotional or economic advantages, much like an abandoned husband or wife, and second, that the commission of certain crimes necessarily shames the instant spouse and even more unfortunately often blemishes innocent children. In 10 States, the right to a divorce is predicated on the period of imprisonment of the party to be divorced; in others, the divorce will be granted if the party to be divorced has been found guilty of certain classes of crimes.
The committee in this proposal sought to reflect both of these policies. Thus, by providing that the wrongdoer must be sentenced to imprisonment for a minimum of five years or more, the application of the statute was restricted only to those found guilty of the most serious felonies. On the other hand, the proposal provided that the divorced spouse must be imprisoned for at least two years prior to the divorce being granted, thus serving the purpose of “ (1) breaking the natural but sometimes too rash inclination to dissolve a marriage upon the conviction of the wrongdoing party; (2) giving the convicted party an opportunity to obtain his or her release from prison prior to dissolution of the marriage through reversal of the conviction on appeal.” (N. Y. Legis. Doc., 1966, No. 8, supra, p. 89.)
Unfortunately, the committee’s recommendations and proposals were not fully adopted by the Legislature. The actual wording of subdivision (3) of section 170 of the Domestic Relations Law, as enacted in chapter 254 of the Laws of 1966, was as follows: 1 ‘ The confinement of the defendant to prison for a period of three or more consecutive years after the marriage of plaintiff and defendant.”
This language created an ambiguity. It was not clear whether the Legislature intended that an action may be maintained upon *764 the sentencing of a defendant for a period of three or more consecutive years or whether such an action could only be maintained after the defendant had been confined for a period of three or more consecutive years. The problems caused by this ambiguity are pointed up in the instant action, tried by the court, for divorce wherein the plaintiff wife alleges and has proven that the defendant, after pleading guilty to the charge of robbery, on September 23, 1965 received two sentences each for a term of three years, to run concurrently.
The plaintiff has taken the position that the statute provides for the maintenance of the action upon the confinement of the defendant “ to prison ” and that the action may be maintained even though the defendant has not been in prison for three years.
In the opinion of the court any ambiguity that may have existed in the original law has been corrected by chapter 700 of the Laws of 1968. That chapter amends subdivision (3) by deleting the word “ to ” and substituting therefor the word “ in ”. The memorandum of the Joint Legislative 'Committee, in connection with this bill, states that its purpose was to make a series of technical amendments for the purpose of clarification. It further states that: “ The word ‘ in ’ prison is being substituted for the word ‘ to ’ prison in order to clearly demonstrate a legislative intent that the person against whom an action is brought must be physically imprisoned.”
In the instant action, the defendant has not been confined to prison for three years at this time. Accordingly under the Domestic Relations Law as presently constituted, the action may not be maintained. The complaint is dismissed without prejudice to the maintenance of a new action for the same relief after the defendant has been confined in prison for three or more years.